FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 APR -2 PM 1:33

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

LAURICE WHITE,  } Case No.

PLAINTIFF  } 3:18-cv-437-J-39JBT

 } COMPLAINT FOR DAMAGES

v.  } 15 U.S.C. § 1692, et seq.

 } Fla. Stat. § 559.55, et seq.

NRA GROUP, LLC  } 47 U.S.C. § 227, et seq.

DEFENDANT  } **JURY TRIAL REQUESTED**

_____/

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff LAURICE WHITE, through her attorney, brings this action to challenge the actions of Defendant NRA GROUP, LLC, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any

inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

8. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S. Code §

1692, et seq.; 47 U.S.C. § 227, et seq.; and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiff resided in the City of Jacksonville, County of Duval, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11. Plaintiff is a natural person.

12. Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff was allegedly obligated to pay a "debt," as described by the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Fla. Stat. § 559.55(6), because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. Plaintiff is a "debtor" and "consumer," as described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8), because she was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. In December, 2017, Defendant initiated debt collection procedures against Plaintiff for an alleged "debt" (as such term is defined in paragraph 13, above). Specifically, based on inferences made by Defendant, Plaintiff believes the alleged debt to be either A. for student loans, or B. for "Fannie Mae" -- "Fannie Mae" apparently handles household mortgages.

18. Between December, 2017 and March 29, 2018, Defendant called Plaintiff's cell phone approximately twelve times in attempts to collect upon the alleged debt. During each phone call, either A. Defendant utilized equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and [the capacity] to dial such numbers (commonly known as an "automatic telephone dialing system" or an "ATDS"); B. [those phone calls] contained automated or prerecorded voices; or C. both A and B.

19. During the very first phone call between Defendant and Plaintiff, Defendant confirmed Plaintiff's identity and had actual knowledge that Defendant was in communication with Plaintiff.

20. During the third phone call between Defendant and Plaintiff, Plaintiff told Defendant not to call her anymore, revoking her consent to receive phone calls, if any existed in the first place. Notwithstanding the above, Plaintiff never provided Defendant with consent to call her in the first place.

21. At some point prior to the most recent phone call between Defendant and Plaintiff, Plaintiff informed Defendant that she does not owe any student loan debt or any "Fannie Mae" debt, providing Defendant with actual knowledge of the invalidity of the alleged debt.

22. As of March 29, 2018, Defendant has not sent Plaintiff anything in writing or in the mail regarding any alleged debt or debt collection procedures.

23. As of March 29, 2017, during Defendant's initial communications with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the

name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. As of March 29, 2018, during Defendant's initial communications with Plaintiff, Defendant failed to indicate that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose; and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to disclose that the communication was from a debt collector.

## FIRST CLAIM FOR RELIEF

**Violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

25. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

26. By contacting Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

27. By failing to disclose during the first communication that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

28. By failing to disclose during a communication subsequent to the first that the communication is from a debt collector, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

29. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

30. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff with regards to the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

31. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

32. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

33. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

34. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violations of the FCCPA, Fla. Stat. § 559.55, et seq.

31. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

32. By willfully violating the FDCPA in any of the manners described in paragraphs 26-30, above, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

33. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant while having actual knowledge that Plaintiff does not actually owe said alleged debt, Defendant claimed, attempted, or threatened to enforce a debt when Defendant knew such debt was not legitimate, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(9).

34. In violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury

or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights, who was exposed to Defendant's conduct.

35. In violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant employed employees who had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant employed employees who were so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights, who was exposed to Defendant's conduct.

36. By violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant actively and knowingly participated in the intentional misconduct or gross negligence described in paragraph 35, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 32-33, above, Defendant's officers, directors, or managers knowingly condoned, ratified, or consented to the intentional misconduct or gross negligence described in paragraph 35, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 32-33, above, and specifically in the manner described in paragraph 34, above, Defendant engaged in conduct constituting gross negligence which contributed to the losses felt by Plaintiff.

37. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

38. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Id.

39. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. Id.

40. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and statutory damages of $1,000.00 for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

41. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

42. Fla. Stat. § 559.77(2) entitles Plaintiff to punitive damages upon successful prosecution of this action and after successfully proving Defendant's conduct rises to the standards established by Fla. Stat. § 768.72, et seq., and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Violations of the TCPA, 47 U.S.C. § 227, et seq.**

43. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

44. By calling Plaintiff's cell phone at least one time (to wit, approximately twelve times), with each phone call taking place in the manner described in the second sentence of paragraph 18, above,

and without Plaintiff's consent, Defendant has engaged in illegal practices under the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

45. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has been involved with multiple cases (and appeals) involving aspects of the TCPA and its interpretation and so Defendant is very aware of its requirements. See, e.g., *Daubert v. NRA Group, LLC*, 861 F.3d 382 (3rd Cir. 2017).

46. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

47. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, Id.

48. Plaintiff is entitled to $500.00 in statutory damages per violating call, Id.

49. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, Id.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 29th day of March, 2018,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com