UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURICE WHITE,

        Plaintiff

v.

NRA Group, LLC,

        Defendant.

_____/

CASE NO.: 3:18-cv-00437-BJD-JBT

**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Pursuant to Middle District of Florida Local Rule 2.03, the undersigned respectfully moves the Court for leave to withdraw as counsel for Defendant, and in support thereof states as follows:

1.    Rule 4-1.16(b) of the Rules Regulating the Florida Bar allows withdrawal if:

    (1)    withdrawal can be accomplished without material adverse effects on the interests of the client;

    (2)    the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

    (3)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

1

(4)  the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5)  other good cause for withdrawal exists.

2. In this case, continued representation of Defendant will result in an unreasonable financial burden on undersigned counsel. Defendant has failed to pay its attorney's fees in spite of receipt of timely billing statements, multiple requests for payment, and representations that payment would be forthcoming.

3. This matter is in its infancy. There are no pending motions, and no discovery has occurred. No deadlines will be delayed by the granting of this motion, and Defendant's material interests will not be adversely affected by counsel's withdrawal.

4. In accordance with Local Rule 2.03(b), undersigned counsel respectfully submits that on July 5, 2018, she provided notice of her intention to seek leave to withdraw to Defendant and to opposing counsel by email.

5. In accordance with Local Rule 3.01(g), undersigned counsel respectfully submits that Plaintiff does not object to this Motion.

WHEREFORE, undersigned counsel respectfully requests that this Court enter an Order granting her request for leave to withdraw as counsel for Defendant.

## MEMORANDUM OF LAW

Courts have the discretion to allow counsel to permissively withdraw from representation. *Johnson v. Sea Court Mgmt., LLC*, 2016 U.S. Dist. LEXIS 19670

(M.D. Fla. 2016). Pursuant to Florida Bar Rule 4-1.16, a lawyer may be permitted to withdraw from a case where (i) the withdrawal can be accomplished without material adverse effect on the interests of the client, (ii) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, (iii) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or (iv) other good cause for withdrawal exists. Put differently, courts may permit counsel to withdraw if such withdrawal will not prejudice the client or good cause exists. *In re Davis*, 258 B.R. 510, 513-14 (Bankr. M.D. Fla. 2001). Pursuant to Local Rule 2.03(b), an attorney may withdraw as counsel for a party in a case or proceeding by written leave of court and after ten (10) days' notice to the party or client affected thereby and notice to opposing counsel.

Good cause exists here. In spite of the transmission of timely and detailed billing statements to Defendant, follow-up requests for payment, and representations by Defendant that payment would be forthcoming, Defendant has failed to pay its attorney's fees as promised. Undersigned counsel attempted to address this issue on several occasions, in recognition of the fact that seeking leave to withdraw representation should be a last resort. Unfortunately, such efforts were unsuccessful, and counsel's fees remain unpaid. The results in an unreasonable financial burden to counsel.[1]

---

[1] Should the Court require additional information, undersigned counsel will promptly provide such detail *in camera* in order to avoid any breach of the attorney-client privilege.

3

In addition, Defendant will incur no prejudice if counsel is afforded leave to withdraw. This matter is in its early stages, with trial more than a year away. *See* DE 10, Case Management and Scheduling Order. Defendant will have ample opportunity to retain replacement counsel. Moreover, undersigned counsel recognizes her obligation to continue representing Defendant until the Court gives her leave to withdraw, and thus respectfully submits that until the Court permits withdrawal, this case will continue to progress in accordance with all established case management deadlines. Thus, not only will Defendant incur no prejudice, but neither the Court nor Plaintiff will experience any unnecessary delay should counsel be permitted to withdraw.

Finally, undersigned counsel respectfully submits that on July 5, 2018, she provided written notice of her intention to seek leave to withdraw to Defendant, as well as to opposing counsel, in accordance with Local Rule 2.03(b).

WHEREFORE, undersigned counsel respectfully requests that this Court enter an Order granting her request for leave to withdraw as counsel for NRA Group, LLC.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

In accordance with Local Rule 3.01(g), I respectfully certify that I have conferred with counsel for Plaintiff who does not object to this Motion.

                Respectfully submitted,

                **BARRON & NEWBURGER, P.C.**

By:   */s/ Lauren M. Burnette*
       LAUREN M. BURNETTE, ESQUIRE
       FL I.D. No. 120079

                                                450-106 State Road 13 N.
                                                Suite 326
                                                St. Johns, FL 32259
                                                (904) 201-9120
                                                lburnette@bn-lawyers.com
                                                Counsel for Defendant

Dated: July 19, 2018

## CERTIFICATE OF SERVICE

I certify that on July 19, 2018, a copy of the foregoing document was served on all counsel of record via CM/ECF; upon Defendant by email; and upon Defendant by U.S. Mail, postage prepaid, to NRA Group, LLC, 2491 Paxton Street, P.O. Box 67015, Harrisburg, PA 17106-7015.

                                            **BARRON & NEWBURGER, P.C.**

                         By:    */s/ Lauren M. Burnette*
                                  LAUREN M. BURNETTE, ESQUIRE
                                  FL I.D. No. 120079
                                  450-106 State Road 13 N., Suite 326
                                  St. Johns, FL 32259
                                  (904) 201-9120
                                  lburnette@bn-lawyers.com
                                  Counsel for Defendant

Date: July 19, 2018